UNITIED STATES  DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

HOLLYWALL ENTERTAINMENT, INC.
                              Plaintiff

   Against

GOTAMO CAPITAL S.A.,
BALTIC INVESTMENT, LTD.,
CRYSTAL FINANCIAL INC.,
SHERMAN CAPITAL LLC,
STROTAS GROUP CORP.,
MONTROSE HOLDING CORP.,
NOVA FINANZ LLC.,
TRIUS HOLDINGS, INC.,
BELLTOWER INVESTMENTS INC.,
ELGIN STRATEGIES LTD,
MAZI  INTERNATIONALL CORP.,
IRISH DELTA INC.
NELEVI S.A.,
NEWTON MANAGEMENT LTD,
BROWN BROTHERS HARRIMAN,
ACTION STOCK TRANSFER CORP.,
SIGNATURE STOCK TRANSFER, INC.,

BOOTH UDALL FULLER, PLC,
GREENBERG TRAURIG, LLP,
J. SCOTT LAWLER, and BENJAMIN KIRK,
CHRIS SMITH, and VIRGILIA SANTANA
                              Defendants.

-------------------------------------------------------X

**DECLARATION OF SIMON KOGAN IN SUPPORT OF PLAINTIFFS APPLICATION FOR ORDER SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

1

Simon Kogan, an attorney duly licensed to practice law that before the courts of the state of New York, and this court, under penalty of perjury, hereby declares as follows:

1. I am counsel for plaintiff in this matter and I respectfully submit this declaration in support of plaintiffs application for order to show cause and Temporary Restraining Order preventing the release of the restrictive legends on defendant's common stock currently in the possession of defendant signature stock transfer and prevent restraining the defendants from taking any steps to transfer the shares.

2. As demonstrated by the declarations of James Miller and Roxanna green, and the accompanying memorandum of law, plaintiff has demonstrated sufficient grounds on which to grant the requested restraining order.

3. For approximately the last year and a half, a substantial portion of my practice has dealt with the imposition and removal of deposit chills and global locks imposed by the depository trust Company.

4. The depository trust Company imposes deposit chills and global locks what it determines that shares that have been deposited into the depository trust your system for clearance and settlement may not be eligible securities.

5. Pursuant to DT CC rules for securities to be eligible for deposit into their system, though securities must be free trading.

6. When D TCC determines that securities on deposit may be ineligible for such deposit they impose a deposit chill and/or global lock.

7 a deposit chill restricts you shares of that issuer secure of that issuer from being deposited into DTC C system for clearance and settlement. A global lock, means that D TCC will not clear or settle any transactions and that issuer security in addition to refusing to accept additional securities into the system.

8. The effects of either a chill or a lock are devastating on the issuer. In the case of a chill investors are no longer willing to put to make further investments into the

company for fear that they will be unable to deposit their securities into the D TCC system for clearance or settlement.

9 in the case of a global lock, virtually all trading in the issuer securities cease because brokers can no longer clear and settled trades efficiently.

10. Since issuers facing deposit chills and global locks find it virtually impossible to raise additional capital their very existence is threatened since investment capital is often the lifeblood of these issuers.

11. Thus, any actions that could result in the in the imposition of a deposit chill or global lock threatens immediate irreparable harm to a company.

12. No prior application for the relief requested herein has been made.

Dated: December 8, 2014
Staten Island New York

/S/Simon Kogan